UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIMON AMUNGA NASIO | CIVIL ACTION |
| v. | NO: 25-1936 |
| FBS MARKETS INC. | SECTION: C (1) |

ORDER AND REASONS

Before the court are Plaintiff Simon Amunga Nasio's <u>Motions for Recusal or, in the Alternative, for Relief from Referral of Magistrate Judge Janis Van Meerveld</u> filed on December 20, 2025 (Rec. Docs. 50 and 51). For the following reasons, the motions are DENIED.

Plaintiff Nasio filed this lawsuit on September 12, 2025 against FBS Markets Inc. Plaintiff alleges that he is an individual investor who transacted with Defendant through its trading platforms. He alleges Defendant fraudulently uses "U.S. securities and related financial instruments to conduct manipulative trading operations in violations of federal securities laws, the Commodity Exchange Act, and related statutes." Rec. Doc. 9, page 2.

Plaintiff filed a motion for leave to proceed in forma pauperis. Rec. Doc. 10. The court granted him leave to proceed in forma pauperis, but ordered summons be withheld until further order of the court. Rec. Doc. 20. The court explained that it was permitting Plaintiff to proceed in forma pauperis, but summons would not issue until the court reviewed Plaintiff's complaint to determine if it satisfies the requirements of the federal in forma pauperis statute. Rec. Doc. 20, page 2. There is no absolute right to proceed in forma pauperis in civil matters. Rather, it is privilege extended to those unable to pay filing fees when the actions are not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. §

1

1915(e)(2)(B) allows the court to dismiss an in forma pauperis proceeding at any time if the court finds the action frivolous or malicious.

Questioning the merit of Plaintiff's claims, the court ordered Plaintiff to show cause why his lawsuit should not be dismissed for failing to state a claim on which relief may be granted and/or for improper venue and/or for lack of personal jurisdiction over the Defendant. Rec. Doc. 20. Plaintiff did not respond to this request. Rather, he filed a Motion for Reconsideration of the Court's Order, which again requested service without addressing the court's concerns regarding venue, jurisdiction, or the failure to state a claim. Rec. Doc. 30.

Plaintiff then moved for the recusal of Judge Van Meerveld, or alternatively that his motions no longer be referred to her. Rec. Docs. 50 and 51. In these recusal motions, Plaintiff again asked for a directive enforcing service. Plaintiff requests this relief pursuant to 28 U.S.C. § 455(a) and (b)(1).

Two statutes primarily govern the recusal of judges: 28 U.S.C. § 144 and 28 U.S.C. § 455. Both statutes are based on the notion that a fair trial before an unbiased judge is a basic requirement of due process. *Chitimacha Tribe of La. v. Harry L. Laws Co. Inc.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Section 144 requires that a party seeking recusal file a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party. In contrast, recusal under Section 455 does not require an affidavit. Section 455(a) broadly provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) provides a Judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"

Despite the procedural differences, substantively, the sections are "quite similar, if not identical." *United States v. York*, 888 F.2d 1050, 1053 (5th Cir. 1989). A recusal motion under both statutes is committed to the sound discretion of the district court. *Chitimacha Tribe of La.*, 690 F.2d at 1166.

Here, Plaintiff relies on Section 455. Plaintiff argues that "this motion is not based on disagreement with any substantive ruling, but on the structural handling of the case, which has converted a federal civil action into a prolonged dispute over access to service and notice." Rec. Doc. 50, page 2. Plaintiff argues service is not discretionary and does not depend on judicial preference. In sum, Plaintiff disagrees with the court's rulings regarding service. Judicial rulings alone almost never constitute valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial actions do not support recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. The court finds no such antagonism in this case, and Plaintiff provides no extrajudicial grounds for recusal. In fact, Judge Van Meerveld appears to have been well within her authority in requiring Plaintiff to provide legal and factual support for his claims. Recusal is not proper.

For these reasons, Plaintiff's <u>Motions for Recusal or, in the Alternative, for Relief from Referral of Magistrate Judge Janis Van Meerveld</u> (Rec. Docs. 50 and 51) are DENIED.

New Orleans, Louisiana this __2nd__ day of March 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE